**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| KURT BRUNER, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | **COMPLAINT** |
| WELLS FARGO BANK, N.A., SECURE | § | Jury Trial Demanded |
| COLLATERAL MANAGEMENT, LLC, | § | |
| AND S.C.A.R., INC., | § | |
| Defendant. | § | |

**NATURE OF ACTION**

1. Plaintiff, Kurt Bruner, brings this action against Defendants Wells Fargo Bank, N.A. ("WF"), Secure Collateral Management, LLC ("SCM"), and S.C.A.R, Inc. ("SCAR") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Texas Uniform Commercial Code, TEX. BUS. & COM. CODE § 9.101 *et seq.*, and the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE § 392.001 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Mr. Bruner's action occurred in this district and where Defendants transact business in this district.

**THE FAIR DEBT COLLECTION PRACTICES ACT**

4. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5. "[T]he FDCPA is a strict liability statute—collector 'need not be deliberate, reckless, or even negligent to trigger liability . . . .'" *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Runding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).

## THE UNIFORM COMMERCIAL CODE

6. "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 53, 644 S.E.2d 43, 49 (2007).

7. Article 9 serves "to provide a simple and unified structure within which the immense variety of present-day secured financing transactions can go forward with less cost and with greater certainty." *Haas' Estate v. Metro–Goldwyn–Mayer, Inc.*, 617 F.2d 1136, 1140 (5th Cir. 1980).

8. After a default, the UCC gives secured parties the right to repossess collateral. *See* TEX. BUS. & COM. CODE § 9.609.

## THE TEXAS DEBT COLLECTION ACT

9. In 1973, the Texas State Legislature enacted the Texas Debt Collection Act to "control and curtail the practices used in the collection of debt" which the legislature viewed unethical and harassing to consumers. *See* House Comm. on Judiciary, Bill Analysis, Tex. S.B. 252, 63rd Leg., R.S. (1973).

10. Among the TDCA's requirements, any debt collector engaging in debt collection from consumers in the state of Texas must obtain a surety bond: "A third-party debt collector . . . may not engage in debt collection unless the third-party debt collector . . . has obtained a surety

bond issued by a surety company authorized to do business in this state as prescribed by this section." TEX. FIN. CODE § 392.101.

11. To further this purpose and to promote transparency and fairness, the TDCA further requires that: "A copy of the bond must be filed with the secretary of state." *Id.*

12. Like the FDCPA, the TDCA is a strict liability lawsuit which does not require proof of actual damages in order to recover statutory damages under the Act. *See Marauder Corp. v. Beall*, 301 S.W.3d 817, 822 (Tex. App. 2009).

## PARTIES

13. Mr. Bruner is a natural person who at all relevant times resided in the State of Texas, County of Tarrant, and City of Haslet.

14. Mr. Bruner works nights as a Level 4 Senior Maintenance Technician at the Dallas-Fort worth area Amazon Fulfillment Center.

15. He heads a team of technicians that keep the center and its heavy machinery running.

16. WF is a company that regularly purchases consumer paper in the form of automobile loans.

17. WF is a "secured party" as defined by TEX. BUS. & COM. CODE § 9.102(a)(73).

18. At all times relevant, WF was an entity that directly or indirectly engaged in debt collection.

19. WF is a "debt collector" as defined by TEX. FIN. CODE § 392.001(6).

20. SCM is a Texas limited liability company.

21. SCM is an entity that at all relevant times was acting as a repossession agent working at the behest of WF.

22. At all relevant times, SCM was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

23. SCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

24. At all times relevant, SCM was an entity that directly or indirectly engaged in debt collection.

25. SCM is a "debt collector" as defined by TEX. FIN. CODE § 392.001(6).

26. SCAR is a Texas limited liability company.

27. SCAR is an entity that at all relevant times was acting as a repossession agent working at the behest of WF.

28. At all relevant times, SCAR was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

29. SCAR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

30. At all times relevant, SCM was an entity that directly or indirectly engaged in debt collection.

31. SCM is a "debt collector" as defined by TEX. FIN. CODE § 392.001(6).

## FACTUAL ALLEGATIONS

32. On or about August 1, 2018, Mr. Bruner purchased a 2015 Dodge Ram (the "Vehicle").

33. Mr. Bruner purchased the Vehicle for value from another consumer.

34. When he purchased the Vehicle, Mr. Bruner was not aware of any security interest held on the Vehicle by any person.

35. When he purchased the Vehicle, no perfected security interest—as to Mr. Bruner—covered the Vehicle.

36. Mr. Bruner purchased the Vehicle for his own personal family and household use.

37. The Vehicle constitutes "consumer goods" as defined by TEX. BUS. & COM. CODE § 9.102(a)(23).

38. On or before July 3, 2020, WF hired SCM to repossess the Vehicle.

39. SCM in turn hired SCAR to accomplish the actual repossession.

40. SCAR took possession of the Vehicle on or about July 3, 2020.

41. At the time SCAR took possession of the Vehicle, it had no legal authority to do so.

42. At the time SCAR took possession of the Vehicle, SCM had no legal authority to request SCAR to do so.

43. At the time FCAR took possession of the Vehicle, WF had no legal authority to request SCM to have FCAR do so.

44. As a result of the taking of his vehicle, Mr. Bruner has suffered actual damages.

45. Before Defendants took possession of the Vehicle, they knew or should have known of Mr. Bruner's interest in the Vehicle.

46. Because Defendants took Mr. Bruner's vehicle, he missed several days of work attempting to get Defendants to return it.

47. As a result, Mr. Bruner lost wages as well as other benefits from his employer.

48. Moreover, Defendants refused to return Mr. Bruner's vehicle for several days.

49. They eventually returned it at approximately 5:00 P.M. on July 8, 2020, Mr. Bruner's wedding day.

50. As a result, Mr. Bruner's wedding was delayed by approximately 1 hour and twenty minutes.

51. As a result of Defendant's conduct, Plaintiff suffered severe stress, aggravation and embarrassment.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## SCAR

52. Mr. Bruner repeats and re-alleges each factual allegation contained above.

53. Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

54. SCAR had no legal authority to repossess Mr. Bruner's vehicle or its contents.

55. SCAR violated 15 U.S.C. § 1692f(6)(A) by taking or threatening to take non-judicial action to effect dispossession or disablement of Mr. Bruner's property where there was no present right to possession of the property claimed as collateral through an enforceable security interest.

WHEREFORE, Mr. Bruner prays for relief and judgment, as follows:

a) Adjudging that SCAR violated 15 U.S.C. § 1692f(6)(A);

b) Awarding Mr. Bruner statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Mr. Bruner actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Mr. Bruner reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Mr. Bruner pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## SCM

56. Mr. Bruner repeats and re-alleges each factual allegation contained above.

57. Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

58. SCM had no legal authority to repossess Mr. Bruner's vehicle or its contents.

59. SCM, through its agent SCAR, violated 15 U.S.C. § 1692f(6)(A) by taking or threatening to take non-judicial action to effect dispossession or disablement of Mr. Bruner's property where there was no present right to possession of the property claimed as collateral through an enforceable security interest.

60. Additionally, as the debt collector that hired SCAR, SCM is liable for SCAR's violation of 15 U.S.C. § 1692f(6).

WHEREFORE, Mr. Bruner prays for relief and judgment, as follows:

a) Adjudging that SCM violated 15 U.S.C. § 1692f(6)(A);

b) Awarding Mr. Bruner statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Mr. Bruner actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Mr. Bruner reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Mr. Bruner pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF TEX. BUS. & COM. CODE § 9.609(b)(2)
## WF

61. Mr. Bruner repeats and re-alleges each factual allegation contained above.

62. Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

63. WF had no legal right to repossess Mr. Bruner's vehicle because he owned it free and clear of any lien created in favor or WF.

64. WF violated TEX. BUS. & COM. CODE § 9.609(b)(2) when it illegally repossessed Mr. Bruner's Vehicle.

65. WF acted maliciously and/or with gross negligence, and engaged in extreme and outrageous conduct by taking Mr. Bruner's vehicle.

WHEREFORE, Mr. Bruner prays for relief and judgment, as follows:

a) Adjudging that WF violated TEX. BUS. & COM. CODE § 9.609(b)(2);

b) Awarding Mr. Bruner statutory damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(2);

c) Awarding Mr. Bruner actual damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(1);

d) Awarding Mr. Bruner exemplary damages in an amount to be proved at trial;

e) Awarding Mr. Bruner pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF TEX. FIN. CODE § 392.301(a)(1)
## ALL DEFENDANTS

66. Plaintiff repeats and re-alleges each and every factual allegation contained above.

67. Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

68. Defendants had no legal right to repossess Mr. Bruner's vehicle because he owned it free and clear of any lien in favor of WF.

69. Nonetheless, Defendants took possession of Mr. Bruner's vehicle.

70. Upon information and belief, Defendants intentionally took possession of Mr. Bruner's vehicle.

71. Defendants took possession of the Vehicle without Mr. Bruner's authority.

72. Upon information and belief, Defendants intended to permanently deprive Mr. Bruner of possession of the Vehicle.

73. Defendant's taking of the Vehicle constitutes theft.

74. Defendants violated TEX. FIN. CODE § 392.301(a)(1) by using criminal means to harm the property of Plaintiff in the course of debt collection.

75. In violating TEX. FIN. CODE § 392.301(a)(1), Defendants acted with malice and/or gross neglect.

WHEREFORE, Mr. Bruner prays for relief and judgment, as follows:

a) Adjudging that Defendants violated TEX. FIN. CODE § 392.301(a)(1);

b) Awarding Mr. Bruner injunctive relief pursuant to the TDCA;

c) Awarding Mr. Bruner actual damages pursuant to the TDCA;

d) Awarding Mr. Bruner exemplary damages;

e) Awarding Mr. Bruner reasonable attorneys' fees and costs incurred in this action;

f) Awarding Mr. Bruner any pre-judgment and post-judgment interest as permissible by the law; and

g) Awarding such other and further relief as the Court may deem just and proper

## TRIAL BY JURY

76. Mr. Bruner is entitled to and hereby demands a trial by jury.

Dated: December 24, 2020

Respectfully submitted,

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV
Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff